## UNITED STATES SAVINGS AND LOAN COMPANY *v.* RIDER ET AL.

[No. 18,854. Filed Nov. 23, 1900. Rehearing denied Jan. 29, 1901.]

From the Delaware Circuit Court. *Reversed.*

*James Bingham* and *Jesse Long,* for appellant.

*Rollin Warner* and *A. W. Brady,* for appellees.

HADLEY, J.—Foreclosure of a building and loan mortgage. The complaint recites that the plaintiff is engaged in doing a general building and loan business; that it is organized under the statutes of the state of Minnesota providing for the organization and government of building and loan associations, which statutes are set forth in full, went into force June 1, 1891, and are the same in general effect as the statutes of Indiana now in force relating to similar associations. These statutes, among other things, provide that "the directors of such association shall adopt by-laws for its government and therein describe the manner in which its business shall be transacted"; that "any premiums for loans made by any association governed by this act shall not be considered or treated as interest, nor render such association amenable to the laws relating to usury"; that "every such association shall provide in its by-laws in what manner applications and bids for loans shall be received and who shall be entitled to

United States Savings, etc., Co. *v.* Rider.

loans thereunder * * * provided that the provisions of this section relating to bidding for loans shall not apply to associations which fix the rate of interest and premium in any other manner"; that the plaintiff had done all the things required of it as a foreign corporation, by the act of June 6, 1852. The note and mortgage in suit, parts of the complaint, were executed January 2, 1893, the former providing that the debt should be canceled by the payment of interest, fines, and the monthly instalments stipulated. By-laws providing for fines for the non-payment of fixed monthly dues on stock, for the manner of making loans, and prescribing that a fixed rate of interest and a premium at a fixed rate per annum shall be paid by the borrower monthly, in advance, on all real estate loans, were alleged and exhibited with the complaint.

A demurrer to the complaint having been overruled, the Riders answered in two paragraphs: (1) A general denial, and (2) "to all that portion of plaintiff's complaint which seeks to recover interest in excess of the rate of six per cent. per annum." It is averred that on December 26, 1892, the Riders entered into a contract with the plaintiff, through its agent in Muncie, Indiana, by which the plaintiff loaned the Riders $600; that at the same time Margaret Rider, to enable her to obtain the loan, and for no other purpose, subscribed for twelve shares of stock in plaintiff company, and executed the note and mortgage in suit whereby they acknowledge themselves indebted to the plaintiff in the sum of $600, and bound themselves to pay the plaintiff interest on the same at the rate of six per cent. per annum, payable in monthly instalments, and also the further monthly sum of $3.60, evasively called instalments on said shares of stock, but which was in fact only an additional payment of interest, and the further monthly sum of $3.60, evasively called premium on the sum loaned, but which was only an additional payment of interest, also certain penalty sums, evasively called fines, to be imposed upon defendants for default in payment of interest, premiums, and stock instalments, as they severally became due, which, together with the interest, premiums, and instalments on stock, was in excess of eight per cent. per annum, in violation of law, and usurious; that the defendants reside in Muncie, Delaware county, Indiana, and the contract was made, and the real estate situate in said county; that since the execution of said note and mortgage the defendants have paid legal interest thereon $129, and under the pretended and evasive names of instalments, premiums, and fines, and, in excess of six per cent. per annum, the sum of $327. Prayer that all sums paid by them as instalments, premiums and fines, and all sums in excess of six per cent. per annum be declared usurious, and that the same be recouped from any amount that may be found due the plaintiff.

The overruling of plaintiff's demurrer is challenged by the assignment of errors. No question is presented on account of the plaintiff being a foreign association, but the position taken by appellees is "that the contract sought to be enforced in this action is usurious, and could not have been made by either a foreign or a domestic building and loan company." It is said that the feature of the contract involved which distinguishes it from the authorized building and loan contract, and makes it usurious, is that the premium is fixed by contract at an annual *per centum*, payable monthly, whereas in authorized building and loan contracts the premium must be determined in gross by competitive bidding for the loan. Since the filing of the briefs in this case, the question here propounded has been decided by this court in *International Building, etc., Assn.* v. *Wall*, 153 Ind. 554, adversely to appellees' contention, and upon the authority of that case the demurrer to the second paragraph of answer should have been sustained. See, also, *Security, etc., Assn.* v. *Elbert*, 153 Ind. 198.

Judgment reversed, with instructions to sustain the demurrer to second paragraph of answer.